IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARVIN LEE HEIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 315-090 |
| | ) | |
| WARDEN WALTER BERRY, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings this case pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis* ("IFP"). This case is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), that his § 2254 petition be **DISMISSED** as successive, and that this civil action be **CLOSED**.

### I. BACKGROUND

Petitioner attempts to challenge his murder conviction obtained after a jury trial in the Superior Court of Laurens County, Georgia. (Doc. no. 1, p. 1.) The Supreme Court of Georgia denied Petitioner's direct appeal. See Height v. State, 642 S.E.2d 812 (Ga. 2007).

Petitioner then filed a state habeas corpus petition in the Superior Court of Hancock County.[1] Height v. Frazier, Civ. Act. No. 08-HC-003 (Jan. 22, 2008). That state habeas petition was denied in an order dated February 6, 2009, and the Georgia Supreme Court denied a certificate of probable cause to appeal. Height v. Frazier, Case No. S09H0995 (June 2, 2009).

Petitioner then filed his first federal habeas corpus petition, raising six grounds for relief. Height v. McLaughlin, CV 309-064 (S.D. Ga. Sept. 11, 2009). Petitioner raised several ineffective assistance of counsel claims related to DNA testing of evidence admitted at his trial, a claim that he was actually innocent of the murder for which he was convicted, a claim that the evidence submitted at trial was insufficient to support his conviction, and a claim that the trial court erred in admitting his confession. Id., doc. no. 7, p. 3. United States District Judge Dudley H. Bowen, Jr., denied the petition. Id., doc. no. 9. Petitioner did not appeal to the Eleventh Circuit Court of Appeals.

In his current petition, Petitioner again argues that DNA testing will exonerate him, and that he is actually innocent of the murder for which he was convicted. (Doc. no. 1.) He asserts that "The Innocence Project" failed to timely appeal his case as promised because of a conspiracy with the State. (Id. at 6.) Petitioner asks that the Court order DNA testing and allow him to raise additional claims related to alleged grand jury errors. (Id. at 14.)

---

[1]Although Petitioner does not acknowledge all of his prior filing history, as explained below, the Court may take judicial notice of its own records, and the procedural history of Petitioner's prior proceedings is well-documented in his prior federal habeas corpus case. Height v. McLaughlin, CV 309-064 (S.D. Ga. Sept. 11, 2009).

2

**II. DISCUSSION**

Pursuant to the Court's power to take judicial notice of its own records,[2] the Court finds that Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application successive.

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner has neither sought or been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition. Without such authorization, this Court cannot consider Petitioner's claims. See id. (affirming dismissal of claims as successive because he did not first file an application with the Eleventh Circuit).

**III. CONCLUSION**

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds that Petitioner has filed a successive

---

[2]United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.  Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), that his § 2254 petition be **DISMISSED** as successive, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of November, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA